IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PULASKI COUNTY, et al.**                          **PLAINTIFFS**

**v.**                   **CASE NO. 4:20-cv-983-JM**

**WALMART, INC., et al.**                       **DEFENDANTS**

### RESPONSE TO MOTION FOR ENLARGEMENT OF TIME TO MOVE, ANSWER OR OTHERWISE RESPOND TO THE COMPLAINT

Comes now the Plaintiffs, Pulaski County, AR and Jefferson County, AR, by and through their attorneys, McDaniel, Wolff & Benca, PLLC, and for their Response to Motion for Enlargement of Time to Move, Answer or Otherwise Respond to Complaint, do state:

1. On the basis of a meritless removal to this court of a state court case requesting relief solely based on state law, Walmart requests an indefinite extension of time to respond to the Complaint in this matter. Plaintiffs request that Walmart be granted thirty (30) days within which to respond to the Complaint.

2. Pulaski and Jefferson Counties have sued Walmart for its unrestrained distribution of opioid medications into Arkansas which, in turn, has caused these counties to take extraordinary steps to address the collateral damage from Walmart's pursuit of profits over people, its ignoring the massive addiction problem it was helping to create, and its expectation that local governments would clean up the public health emergency it fomented.

3. The Counties filed this suit to have Walmart contribute to cleaning up the public health emergency that Walmart helped create.

4. Multiple States, counties, and cities across the United States have filed similar lawsuits against opioid manufacturers, distributors, and retailers because the problems they created are so extensive. There is a Multi-District Litigation ("MDL") in the Northern District of Ohio where many of these cases have gone to a holding pattern while bellwether cases are tried. In a great many cases, defendants have attempted what Walmart attempts here: to remove state court cases to the MDL so that justice may be delayed indefinitely.

5. District Courts have uniformly denied removal and remanded cases when, as here, the Complaint is dependent on state law not federal law for decision. Plaintiffs, today, are filing a Motion to Remand to State Court providing the Court with many (but not all) of those cases. Plaintiffs are also requesting expedited review so that their citizens will not have to wait in the long line at the MDL court for that Court to reach the same conclusion that it has in many other similar cases: removal is inappropriate, and remand is necessary. *See In re Nat'l Prescription Opiate Litig.*, 2019 WL 180246, 1:18-op-46311-DAP (filed 1/14/2019).

6. In the cited case, Walgreens (a fellow opioid retailer to Walmart) removed a lawsuit by the Commonwealth of Kentucky that made substantially similar allegations against Walgreens to the claims that Plaintiffs have made against Walmart here. Like Kentucky, Pulaski and Jefferson Counties have prayed for relief based solely on state law. Like Kentucky, all of the counts for legal liability depend on state law. There, "despite the clearly state-law specific character of Kentucky's allegations, Walgreens removed Kentucky's case . . . based on federal question

jurisdiction pursuant to 28 U.S.C. §§ 1441 and 1331." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 180246, at *1 (N.D. Ohio Jan. 14, 2019).

7. Walgreens removed that case on July 18, 2018. It took months however, before Judge Polster could address Kentucky's Motion for Remand. His final decision issued on January 14, 2019.

8. Like Walgreens, Walmart has argued that because the Complaint discusses the Federal Controlled Substances Act ("FCSA") plaintiffs could have originally brought their state law claims in federal court. Following four other cases that rejected similar arguments, Judge Polster rejected Walgreens arguments and remanded the case to state court. This capped a six-month delay.

9. Walmart's meritless removal should fare no better here. The citizens of Pulaski and Jefferson County should not have to wait months to start litigating this case against one of the world's largest corporations that dumped opioids on this state.

10. Kentucky had the benefit in the MDL of Judge Polster's agreement to consider Motions to Remand filed by attorneys general in State cases. However, he has no such policy for city or county cases. That means that if this case is transferred to the MDL, there is no process in place to address these motions to remand and the cities and counties stuck there are on indefinite hold waiting for a ruling on motions that are not even scheduled to be heard. Once they are scheduled, this case likely will be at the back of the line.

11. Walmart argues that it is more efficient for this case to be absorbed in the Federal MDL and sit indefinitely there. It is a waste of judicial resources to take

a state law case and punt it to the Federal MDL where it may sit for months if not years waiting on one judge to make decisions in thousands of cases. Then months or possibly years later, it will drop back to state court for Walmart to then file an Answer or a Motion to Dismiss. The people of Pulaski and Jefferson Counties deserve better.

12. Walmart complains about having to do extra work in drafting its Motion to Dismiss because it is unsure which forum it may end up in. Walmart and one of the largest law firms in the world (Jones Day) are certainly able to answer or move to dismiss the Complaint within 30 days from when its answer or motion was due. Superior to Walmart's desire for delay is the right of the people of Pulaski and Jefferson County to timely adjudication of their claims.

13. This Court is certainly able to address the issues the Motion to Remand. Doing so would assist the MDL in addressing a long list of cases that are currently waiting adjudication. To the extent there is a concern about "uniformity" of decision, Judge Polster has issued rulings on motions to remand in cases with States as plaintiffs. This Court will have the benefit of those decisions. Walmart's doubts about the Court's consistency are unfounded. Moreover, the Court will have the benefit of multiple, consistent decisions from the district courts that have not sent cases to the MDL for decision.

14. The Court should be aware that the Counties served discovery on the Walmart defendants on August 5, 2020. Responses are currently due on September 4, 2020. Under no theory is judicial economy served by giving defendants in a state

court case based on state court claims and indefinite extension of time to respond to discovery requests.

15.     Pulaski and Jefferson Counties request this Court's assistance in deciding the motion to remand so that their state court claims can be addressed in a reasonable amount of time.

WHEREFORE the Plaintiffs pray that the Motion for Enlargement of Time to Move, Answer or Otherwise Respond to the Complaint filed herein be denied, that Walmart be allowed an additional thirty days to respond to the Complaint, for costs, for attorneys' fees, and for any and all other just and proper relief to which these Plaintiffs may be entitled.

Respectfully Submitted,

Scott Richardson, Bar # 2001208
Dustin B. McDaniel, Bar # 99011
**McDaniel, Wolff, & Benca** PLLC
1307 West 4th St.
Little Rock, AR 72201
501.954-8000
dmcdaniel@mwbfirm.com
scott@mwbfirm.com

*Counsel for Pulaski County, Arkansas and Jefferson County, Arkansas*

Linda Singer
(Pro Hac Vice to be submitted)
Elizabeth Smith
(Pro Hac Vice to be submitted)
Sara Aguiñiga
(Pro Hac Vice to be submitted)

5

                                        **MOTLEY RICE LLC**
                                        401 9th Street NW, Suite 1001
                                        Washington, DC 20004
                                        Tel: (202) 849-4965
                                        Fax: (202) 386-9622
                                        lsinger@motleyrice.com
                                        esmith@motleyrice.com
                                        saguiniga@motleyrice.com

                                        *Counsel for Pulaski County, Arkansas*
                                        *and Jefferson County, Arkansas*