IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

PULASKI COUNTY, *et al.*                                                               PLAINTIFFS

V.                         CASE NO. 4:20-CV-00983 JM

WALMART INC., *et al.*                                                     DEFENDANTS

ORDER

Plaintiffs, Pulaski and Jefferson Counties, have filed a motion to remand this action to the state court. (Doc. No. 6).[1] Defendants, Walmart Inc., Wal-Mart Stores East, LP, WSE Management, LLC, WSEInvestment, LLC, and Wal-Mart Stores East, LLC, have filed a motion to stay these proceedings until the Judicial Panel on Multidistrict Litigation renders a final decision on whether to transfer this case to the Opiate Multidistrict Litigation pending in the Northern District of Ohio, *In re Nat'l Prescription Opiate Litig.*, No. 1:17-md-02804 (N.D. Ohio) ("Opiate MDL"). Both motions are ripe for determination.

Background

Plaintiffs filed this action in the Circuit Court of Jefferson County, Arkansas (Case No. 35CV020-503) on July 21, 2020 seeking to hold Defendants liable for what Plaintiffs allege is their role in the opioid crisis in their counties. The complaint has seven counts: (1) negligence and gross negligence; (2) common law public nuisance; (3) violations of the Arkansas Uniform Narcotic Drug Act ("AUNDA"), Ark. Code Ann. § 20-64-101, *et seq.*; (4) acting as an accomplice to violations of AUNDA; (5) possessing, delivering, and trafficking controlled substances in violation of the Arkansas Controlled Substances Act ("ACSA"), Ark. Code Ann.

---

[1] Plaintiff has also filed a motion to expedite consideration of their motion to remand. To the extent that this considered expedited, that motion is granted. (Doc. No. 8).

§§ 5-64-419, -424, -426, -427, and -440; (6) acting as an accomplice to violations of ACSA; and (7) violations of the Arkansas Drug Dealer Liability Act ("ADDLA"), Ark. Code Ann. § 16-124-101, *et seq*.

Despite the state-law specific claims, Defendants removed the case pursuant to 28 U.S.C. § 1331 citing to the existence of a federal question.  Specifically, Defendants argue that Plaintiffs' claims arise under federal law, the Controlled Substances Act ("CSA"), 21 U.S.C. § 801, *et seq.*, and its implementing regulations.  On August 28, 2020, the Judicial Panel on Multidistrict Litigation entered a conditional transfer order on the basis that "[i]t appears that the action(s) on this conditional transfer order involve questions of fact that are common to the actions previously transferred to the Northern District of Ohio and assigned to Judge Polster." (Doc. No. 15-1).

Plaintiffs then filed a motion to remand arguing that this Court lacks jurisdiction; Defendants have responded.  Defendants, on the other hand, have moved to stay these proceedings pending in anticipation of the case being transferred to the Opiate MDL; Plaintiffs object to the request for stay.

<u>Discussion</u>

The Court will take up the issue of remand first, given the threshold nature of the inquiry. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 813 (1986).  However, federal jurisdiction can exist when "state-law claims implicate significant federal issues." *Holbein v. Baxter Chrysler Jeep, Inc.*, 948 F.3d 931, 935 (8th Cir. 2020) (citing *Grable & Sons Metal Prod., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308 (2005).  The Eighth Circuit has "applied this variety of federal question jurisdiction narrowly, recognizing that it

exists only in a 'special and small category of cases." *Gunn v. Minton*, 568 U.S. 251, 258 (2013) (quoting *Empire Healthchoice Assurance, Inc. v. McVeigh,* 547 U.S. 677, 699 (2006)); see also *Holbein* at 935.  The Supreme Court has recognized that "the vast majority of cases brought under the general federal-question jurisdiction ... are those in which federal law creates the cause of action." *Merrell Dow Pharmaceuticals Inc. v. Thompson,* 478 U.S. 804, 808 (1986) (quoted in *McNeill v. Franke*, 171 F.3d 561, 563–64 (8th Cir. 1999)).

In *Gunn v. Minton*, 568 U.S. 251 (2013), the Supreme Court gave the following test to determine whether federal question jurisdiction exits even when only state-law claims are raised on the face of the complaint:  "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Id.* at 258 (quoting *Grable & Sons Metal Prods., Inc. v. Darue Eng'g and Mfg.*, 545 U.S. 308 (2005)).

"Courts are obliged to strictly construe removal jurisdiction against removal and all doubts should be resolved in favor of remand." *In re Nat'l Prescription Opiate Litig.*, No. 1:17-MD-2804, 2019 WL 180246, at *2 (N.D. Ohio Jan. 14, 2019) (citing *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941))."If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c).

Applying the *Grable* test to Plaintiffs' complaint, the Court finds that the claims presented do not raise a federal issue, and this Court lacks subject matter jurisdiction.  Plaintiffs expressly plead only state law claims. The complaint alleges violations of the CSA as well as violations of the ASCA and the ADDLA, and Plaintiff acknowledges that CSA violations would provide evidence of a breach of Defendants' duties.  However, it is possible for the claims to be resolved without resolution of the CSA issues.  Therefore, the Court reaches the same conclusion

as United States District Judge Timothy L. Brooks in *Fayetteville Arkansas Hosp. Co., LLC v. Amneal Pharm., LLC*: "Looking at the complaint as pleaded, however, the Court cannot conclude that the CSA is necessarily raised nor substantially implicated by the pleadings. Plaintiffs have relied on state statutory and common law theories for each of their claims." No. 5:20-CV-5036, 2020 WL 2521515, at *2 (W.D. Ark. May 18, 2020).

Furthermore, the CSA does not provide a private, federal cause of actions. A "congressional determination that there should be no federal remedy for the violation of [a] federal statute is tantamount to a congressional conclusion that the presence of a claimed violation of the statute as an element of a state cause of action is insufficiently 'substantial' to confer federal-question jurisdiction." *Merrell Dow,* 478 U.S. at 814.

As to the final prong of the *Grable* test, the Court finds that requiring this action and others like it to be tried in federal court because they involve a federal element, regardless of the complaint's clear intent to seek a remedy based on violations of state law, would be disruptive to the federal-state balance approved by Congress.

## Conclusion

For these reasons, Plaintiff's motion to remand (Doc. No. 6) is GRANTED.    In light of the decision to remand, Defendant's motion to stay (Doc. No. 15) is DENIED. Regarding Defendants' motion to further extend their time to answer (Doc. No. 5), which was taken under advisement in the Court's order entered on August 25, 2020, that motion is denied as moot.

The Clerk is directed to immediately transfer this case to the Clerk of the Jefferson County Circuit Court.  The Clerk is then directed to close this case.


DATED this day 25th of September, 2020.

_____
UNITED STATES DISTRICT JUDGE